EpwAÚbs, Cn, J.
delivered the following opfoioo of the courtWilliam KendáÜ having obtained a judgment by default, for one hundred and eighty-five pounds, in damages, with costs, in art action upbn thé cáse, prosecuted by him against Richard Walker, ás administrator with the will annexed, of Joshua Brown, deceased, in the late court of quarter sessions for Nelson county; sued’ out his writ' bf "fien fáchié ' théréon; upon which the sheriff returned, that he had levied the said execution upon a cow of the said Walker, to satisfy the costs^ and that no goods or chátteís ofthe said firowii, déceás-e’d,wfere found,whereby he could make the principal debt. Kendall, afterwards, in the Hardin circuit court, brought an action of debt, in the debit,and detinety against Walker, upon the judgment ; suggesting a devastavit. To this second action, Walker pleáded, first, nul tiel record; and, secondly, that before the .suing out of the capias ad *405 satisfaciendum. ⅛ the original action, he had fully administered, &c.; and, that at the trial of the original ac-tión, the plaintiff had promised him not to compel him to pay the Judgment out of his own propel* estate ; and that the plaintiff would pursue the assets in the hands ot distributees, whereby he, the defendant, was induced to make no defence to the suit. The plaintiff replied, there was such record as he had declared on to the first plea, upon which an issue per record was joined to the court.
He thercby makes the debt his own> & the plaintiff may aitlon thejudgment»-gainfthim.tobe ou* and chjttd°°
Thefe gene-“1 adnut t¡ons exceP-
In an adba ?f debt» on * judgment, the defendant cannot plead any h ⅛ t0 ®ave pleaded to the former
erba] greemeJ ^,ad¡ by a plaintiff, ,not to ufe » operation, can",°¡ta!(e¡npiba|ied anaaionofdebt founded on that
0p de(,t againft an executor or tereft muhefor" mer judgment be tecover- *
, • l j 1 A demurrer was put in, to the second plea ; assigning for cause of demurrer, that the plene administravit eould not be pleaded in this action ; and, that the plea was double, &c. ; and the defendant joined in demurrer.
The court gave judgment on the demurrer, for the plaintiff; and, upon an inspection of the records, (called in the bills of exception, filed on the trial, exhibits No. 2 and No. 3) adjudged that there was such record as the plaintiff had set forth in his declaration. Whereupon a Writ of inquiry was awarded ; upon which, the jury assessed seventy-one pounds thirteen shillings and nine pence damages, for the detention of the debt, besides * ; P . ’ . . V i 1 • ív r costs ; and júdgrftéfit was given tor the plaintitt, tor one hundred and eighty-five pounds, the debt in the decía-ration mentioned, and the damages assessed by the jury, for the detention thereof, with costs, &c.
Upon the trial of the cause, the counsel for the defendant, tendered sundry bills of exception, which are made a part of the record ; containing, in substance, the following statements : The plaintiff, to support the issue on his part, of the plea of nul tiel record, produced an office copy of the record of a judgment of the late eburt of quarter sessions for Nelson county, sufficiently corresponding with that set but in the declaration, except that it did not appear therein, that any execution had ever issued upon the judgment; and the clerk of that court, in his authentication of that copy, certified, that it contained a full, trufe, and peifeet transcript of the record of the judgment and proceedings, in the suit William Kendall vs. Joshua Brown’s adm’r. as fully as the same remained of record in his office. This certificate, or authentication, bears date on the 3d day of June 1805 and the record, so Certified, is called in the bills of excep-jion, exhibit No. 2. The plaintiff also produced an *406 tested copy of an execution dated on the 22d day of January 1799, which had issued from the Nelson office, in the same names, and for the same sum, mentioned in exhibit No. 2 ; except, that 48#. 1 Id. costs, are included *n execution. But this execution is on a different piece of paper; and is not certified by the clerk, to have issued on that judgment, or to be a part of the same record : this copy of an execution,is called, in the bills of ’, 1 - . ’ ’ exception, exhibit N o. 3 ; another copy oí a record nav-ing been produced, called No. 1, not necessary to be further noticed, because it was withdrawn by the plaintiff’s counsel, and not used as evidence, so that the court gave no judgment concerning it. The exhibits No. 2 aa<l 3, were the only evidence produced by the plaintiff. The exhibit No. 3, was objected toby the counsellor the defendant, and the objection overruled; and; it con-,. taj t}je onjy evJdence of any execution having issued upon any judgment between the parties ; and upon it, 1» the indorsement of the sheriff, mentioned in the former, pmet*» opinion.
Thechriftian fendanf'&'tRe damages, having been left bUnk m ⅛' declaration,will not vitiate after verdia.
1 compei a party to jom in a de. dcnce' *° *T1
plea ofmtltieirecord, n' the record be feaiy or par-tiaiiy, it isi'uf-the matter in difpute.
A variance in an immaterial part, is nut ta-tal. .
a variance m is fatal, & ihaii be adjudged a tord"* °f rC"
The plaintiff declared on a judgment, exe-eution thereupon,and a return vf nulla bene, m nectar *1 ⅛”* make out his t'd6 to a recovery : on the record, a tran-fcript of the reduced^which contained no execution nor .teturn, but m ira7 ottier ndeclared on.— 1 his Tariance
*406 The defendant demurred to the evidence, and the court refused to compel the plaintiff to join in demurrer.
# . - but his objection was overruled* The defendant objected to the evidence going to the.
After verdict, the defendant moved for a new trial, ^ ~rouncjs tbat the jury had found a verdict contrary to evidence ; that the court had misdirected the jury ; and because the court did not give him time to bring up. a complete transcript of the record, he having suggested a diminution ; but it appears he did not ask time for that purpose.
pje jastiy moved the following errors in arrest of judg-J . . , , J . ® ment: “1st, There is no one stated in the declaration, as defendant, against whom to render judgment. 2nd, There is no damages alleged in the declaration,” &c. This motion was also overruled, and final judgment rendered for the
errors assigned in this court, will all be embraced, by the opinion to be delivered; but without adverting to^ them particularly.
an executor or administrator lets judgment go,, against him by default, it amounts, in law, to a confession of assets to the value of the judgment. When exe-cu(:jon thereon issues against the estate of his testator, or *407 Intestate, in his hands to be administered ; if he does not pay the debt, or produce assets sufficient to pay it, whereby the sheriff is obliged to return nulla bona, the' executor or administrator is guilty of a devastavit. He thereby makes the debt his own ; and the plaintiff may bring an action of debt upon the judgment, suggesting a devastavit; and shall have judgment against the defendant, to be satisfied out of his own goods and chattels.
trarrfmpt hav-inSbeencertifi-c^’ piece; a c^py ft >n execuib» & r< c.urn'-.°rref' ponuing tn.-re» wi-b,innan^ lunl;> &c-canu> cure the vc-ru»ce*
' I'o these general rules of law7, it must be admitted, there are some exceptions; but the defendant has not brought himself wit hin any of them. It is a general rule of law, that in an action of debt on a judgment, the defendant cannot plead any matter which he might, or ought to have pleaded to the former action. The defen-t°it . r i dant ought to have pleaded want of assets in the origt-nal suit. , It would be absurd to permit him to plead plene administravit in this action for a devastavit; for that would be to controvert that which, by suffering judgment to go against him by default in the first suit, he had confessed. The promise or agreement set up in the second plea, was no defence at law ; if the party can have relief on that ground, it must be in equity. It is, therefore, clear, the action in this case was rightly conceived ; and that the court properly sustained the demurrer to the defendant’s plea of plene administravit.,
As the defendant had, by committing a devastavit, made the debt his own, and had thereby delayed the plaintiff, the jury were authorised to give interest on the amount of the original judgment, in the name of damages.
The Christian name of the defendant, and the damages, having been left blank in the declaration, did not vitiate. They were both right in the writ; and the omi&-sions are cured, after verdict , by our statutes oijeofail(a). The case of Robinett vs. Morris's adm'rs. spring .term 1807, is expressly in point (b).
There having been a demurrer to the plea, can make no difference : for the amount of damages must have been proved upon the execution of the writ of inquiry, or the jury could not have found more than nominal damages. Besides, the omissions were but of matters of form, not substance. There was not a defect of title, But a title defectively set forth. Those defects, or omissions, could not have been taken advantage of by gene- *408 raldemurrer; nor in a motion in artest of judgment; which ⅛ like a general demurrer.
If the judgment of the court below, upqn tfre-plea of nUi tiel recordwas correct; jt .would follow, that their opinions, in. refusing to copipej the plaintiff to join ip demurrer ; in overruling the objections to the evidence going,to the jury, on the writ of inquiry ; and in overruling the motion for a new trial, were correct.
The only use of a demurrer, is, to draw the matter from before the jury, and refer it to the court. The court had already, under the plea of nul tiel record, determined that the evidence, as to the existence and identity, of the record declared on, was sufficient in law : it was idle to require them to do the same thing in another form. If the record produced, wás really such as the plaintiff had set out in his declaration, as to the judgment, execution, and the sheriff’s return of nulla bona, the question of devastavit, or not, was clear against the defendant ; and the court ought not, as to the devasta-vit, to have Compelled the plaintiff to join in demurrer;
Besides, the defendant not having controverted, or put that matter in issue, otherwise than by the plea of nul tiel record, which was found against him, he had admitted the wasting ; and it did not require proof. The only use of admitting the record to go to the jury, was to enable them to ascertain the amount of the judgment, -and when it was rendered ; so as to enable them to fix the quantum of damages. For that purpose, the exhibits were certainty good evidence, if the judgment of the epurt, on the plea of nid tiel record, was correct; Even if the plaintiff had joined in demurrer; the record must -have been shewn to the jury; to enable them to fix the -amount of damages ; for the court could not settle the ..quantum of damages upon the demurrer ; but in that case, the damages ought to have been assessed, subject to the opinion of the court, upoil the demurrer.
These observations go to shew, that the court did right in refusing the new trial, upon the first and second grounds taken; and the third furnished no ground for granting a new trial; because the defendant had not asked time to bring up a complete transcript of the record.
Upon the judgment of the court below, on , the plea of ■nultiel-record, we have felt some difficulty. ¡We would be glad to get over the .objections, which look somewhat *409 technical, if we could ; bat, on full consideration, wé cannot.
Upon the plea of nultiel record, when the record is brought in, it is good evidence, or not, under the following distinctions : First — If the record be set out imperfectly-, or partially, it is sufficient if enough appear to prove the matter in dispute. As if a man pleads a recovery suffered of one acre, and the record brought in, is a recovery of two acres, this is good, and not a failure of record ; for if two were recovered, one certainly was. Secondly — A variance in an immaterial part, is not fatal’. And, thirdly, a Variance in a material part, is fatal, and shall be adjudged a failure of record., And wherever there is a failure of record, the party pleading the record, shall have judgment against him.
The transcript No. 2, is materially variant from the record set out in the declaration. The declaration air-leges a judgment, execution thereupon, and a return of nulla bona upon the execution; all which was necessary, to make out his title toa recovery in this action.
The transcript No. 2, contains no execution or sheriff’s return ; without which, there was not sufficient tó make out the devastavit — *-the very matter in dispute. The question then, is, was the copy of an execution (exhibit No. 3) sufficient to supply this defect, and make the record complete 1 We are of opinion it was not'. There was nothing, except the correspondence in names; and the sum, to connect it with the transcript No. 2, or to shew that it wás a part of the same record, or had issued in the same suit : nor can we, from the circumstances, legally presume it. The authentication of the transcript No. 2, bears date on the 3d day of June, in the year 1805 in which, the proper officer certifies it contains a full transcript of the whole record.
The execution produced, bears date On the 22d day of January, in the year 1799 ; so that if it had really issued in the same suit, it must have máde a part of the record, in 1805. It would be too much to presume that it did, contrary to the official certificate of the proper officer-, merely from the correspondence of names and sums. There might have been another judgment; and it ought rather to be presumed, than to falsify the of-Scial certificate of the officer. We must falsify his cer *410 tificate, before we can intend the execution produced was a Part °f ⅛6 same record ; or issued in the same suit. If such was really the case, the .plaintiff might, and ought to have shewn it, by procuring a new and complete transcript of the whole record, properly authenticated. It was his duty to do so, and not having done it, he must abide the consequences of his own default.
Allen, for the plaintiff; Wickliffe and Hardin, for the defendant.
We are of opinion, upon the evidence produced, that there was a failure of record ; and that, consequently, the judgment of the court below, on the plea of nul tiel record, was erroneous, and must he reversed.
It is, therefore, considered, that the judgment of the said circuit court, in favor of the plaintiff therein, shall he, and the same is hereby reversed and set aside ; and it is further considered, that the judgment on the plea of nul tiel record, be also set aside ; and also the writ of inquiry of damages ; and that the plaintiff in error recover of the defendant his costs herein expended : and it is further ordered, that this suit be remanded to the Hardin circuit court, to be tried upon the said issue of nul tiel record, and such other issues as the party shall, by leave of that court, make up in the cause. Which is ordered to be certified to the said court.

(a) Afts of *796-7. p- *4» »f-Aaf*rf 1799, ch *8, 7* Se-

(b) Ante 93.